# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
10/30/2020 9:18 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
Gina M. Corena, Esq.
Nevada Bar No. 10330
gina@lawofficecorena.com
Mahna Pourshaban, Esq.
Nevada Bar No. 13743
mahna@lawofficecorena.com
GINA CORENA & ASSOCIATES
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
Telephone: (702) 680-1111
Facsimile: (888) 987-6507
*Attorneys for Plaintiff*

CASE NO: A-20-823996-C
Department 25

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA DEL REFUGIO LUGO, individually;<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., an Ohio Corporation; DOE SMITH'S FOOD & DRUG CENTERS, INC. EMPLOYEES I through X; DOES I through X, and ROE Corporations I through X, inclusive,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff MARIA DEL REFUGIO LUGO, individually ("Plaintiff") by and through her attorney, Gina M. Corena, Esq. of GINA CORENA & ASSOCIATES and for causes of action against the Defendants, SMITH'S FOOD & DRUG CENTERS, INC.; DOE SMITH'S FOOD & DRUG CENTERS, INC. EMPLOYEES I-X; DOES I through X; and ROE CORPORATIONS I through X, inclusive, and jointly and severally, allege as follows:

## GENERAL ALLEGATIONS

1.     That at all times relevant hereto, Plaintiff MARIA DEL REFUGIO LUGO ("LUGO"), was and is a resident of Clark County, State of Nevada, and that the events as described herein occurred in Clark County, Nevada.

1       2.     That upon information and belief, at all times relevant hereto, Defendant SMITH'S

2    FOOD & DRUG CENTERS, INC., ("SMITH'S") is and was an Ohio Corporation, doing

3    business in Clark County, Nevada.

4       3.     That upon information and belief, at all times relevant hereto, Defendant DOE

5    SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES I through X ("DOE SMITH'S

6    EMPLOYEE") is responsible in some manner for the events and happenings referred to and

7    caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this

8    Court to amend this Complaint, to insert the true names and capacities of DOE SMITH'S

9    EMPLOYEE when the same have been ascertained and to join such Defendants in this action.

10       4.     At all relevant times, as alleged more fully herein, each Defendant acted as an

11    agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants,

12    and in doing the things alleged herein acted within the course and scope of such agency,

13    employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts

14    alleged herein was done with the permission and consent of each of the other Defendants.

15       5.     That the true names or capacities, whether individual, corporate, association or

16    otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are

17    unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; Plaintiff is

18    informed and believes and therefore alleges that each of the Defendants designated herein as a

19    DOE and ROE CORPORATIONS are responsible in some manner for the events and happenings

20    referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will

21    ask leave of this Court to amend this Complaint, to insert the true names and capacities of DOES I

22    through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to

23    join such Defendants in this action. Plaintiff is informed and believes that DOE individuals, XI

24    through XV, are owners, operators, lessors or individuals otherwise within possession and control

25    of the premises herein alleged, and who maintain the premises herein alleged. Plaintiff is

26    informed and believes that ROE CORPORATIONS I through V are owners, lessors and/or

27    maintainers of the premises herein alleged, and/or are in some manner responsible for the actions

28    and omissions of its employees, agents, assigns, lessees and/or predecessors or successors in

1   interest related hereto. Plaintiff is informed and believes that ROE CORPORATIONS VI through

2   X are insurers of Plaintiff and/or the premises and/or parties herein alleged and provided

3   insurance to include, but not limited to, uninsured and underinsured motor coverage, umbrella,

4   disability, death and funeral benefits, medical payments and/or other for Plaintiff and/or any party

5   hereto of DOE or ROE.

6                          **FACTS COMMON TO ALL CAUSES OF ACTION**

7       6.      Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 5

8   above.

9       7.      On July 20, 2020, Plaintiff LUGO was an invitee of Defendant SMITH'S located

10   at 5564 Camino Al Norte, North Las Vegas, Nevada 89031(hereafter the "Property").

11      8.      Defendant SMITH'S owns and maintains control of the Property.

12      9.      While visiting the Property, Plaintiff slipped and fell on a liquid substance on the

13   floor (hereafter the "dangerous condition"), causing Plaintiff to sustain serious injuries (the

14   "Incident").

15      10.     Defendants should have warned or otherwise made safe the dangerous condition

16   because that condition was non-obvious to Plaintiff LUGO.

17      11.     Defendants negligently, carelessly, and recklessly maintained, constructed and

18   allowed the dangerous condition to exist on the Property.

19      12.     As a direct and proximate result of the Incident, Plaintiff LUGO suffered personal

20   injuries to her body, as well as pain and suffering,

21      13.     As a direct and proximate result of said injuries, Plaintiff LUGO received

22   treatment and engaged the services of physicians to care for and treat her and that said injuries

23   have caused Plaintiff severe pain and suffering, likely permanent injuries, requiring Plaintiff to

24   seek ongoing medical treatment.

25      14.     As a direct and proximate result of Defendants' conduct, Plaintiff has been

26   damaged in an amount in excess of $15,000.00.

27      15.     As a direct and proximate result of the actions of Defendants, Plaintiff has been

28   required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

### FIRST CAUSE OF ACTION
### (Premise Liability)

16.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 15 above.

17.     Defendants, by and through its agents, servants, and employees, knew or should have known of the substantial risk of harm which existed to Plaintiff, who was lawfully upon the premises as a guest.

18.     Defendants owed a duty to Plaintiff, and to all others awfully upon the premises to maintain the property in a safe and secure fashion so that Plaintiff and others lawfully upon the premises would not be subject to injury from perils known or unknown.

19.     Defendants owed Plaintiff a duty to use flooring that is appropriate for its intended use; to properly inspect, maintain and control its premises; to warn of dangerous conditions; and to use feasible and reasonable means to avoid hazards.

20.     As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

21.     As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

### SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision and Retention – As to Defendants' EMPLOYEES)**

22.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 21 above.

23.     Defendants   had a duty to adequately hire, train, supervise, and retain its employees and/or other persons and/or entities responsible for the inspection of the Property to ensure that a safe environment was provided for invitees and/or licensees.

24.     Defendants breached its duty in that it did not hire responsible employees, did not train its employees to keep the premises safe for guest use, did not supervise its employees, and retained employees that displayed unsafe practices.

25.     The failures proximately led to Plaintiff's bodily injuries.

26.    Employers are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

27.    Accordingly, pursuant to NRS § 41.430, Defendants are vicariously liable for the damages caused by its employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises and requirement.

28.    NRS § 41.430, states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

29.    Defendants were the employer of the remaining Defendants and other employees, agents, independent contractors, and/or representatives who negligently did not inspect, maintain, or warn of dangerous conditions in and about the Property.

30.    As a direct and proximate result of Defendants' negligence, carelessness, and recklessness, Plaintiff suffered personal injuries to their body, as well as pain and suffering.

31.    Plaintiff is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained as a result of Defendants' negligence.

32.    As a direct and proximate result of the actions of Defendants, Plaintiff experienced pain and suffering, damaging Plaintiff in excess of $15,000.00.

33.    As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(Vicarious Liability/Joint & Several Liability/Respondeat Superior –
As to Defendants' EMPLOYEES)**

34.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, inclusive.

///

1        35.    At all times relevant hereto, Defendants negligently failed to warn guests of the

2    dangerous conditions.

3        36.    At all times relevant hereto, Plaintiff believes and thereon alleges that DOE

4    Defendants' EMPLOYEE was employed by Defendants.

5        37.    As such, Defendants are liable for the negligent acts of DOE Defendants'

6    EMPLOYEE as DOE Defendant EMPLOYEE was working within the course and scope of their

7    agency or assignment with Defendants.

8        38.    At all times relevant herein, the actions of the actions of DOE Defendants'

9    EMPLOYEE was done with a common purpose and/or joint venture existing with Defendants,

10   which resulted in the injuries and damages to Plaintiff.



11       39.    That Defendants are vicariously liable and/or jointly and severally liable for the

12   negligence and carelessness of DOE Defendant's EMPLOYEE committed while said common

13   purpose and/or joint venture existed between Defendants and DOE Defendant's EMPLOYEE and

14   such negligence which gave rise to Plaintiff's injuries.

15       40.    As a direct and proximate result of Defendants and DOE Defendants'

16   EMPLOYEE's negligence, carelessness, and recklessness, Plaintiff suffered personal injuries to

17   her body, as well as pain and suffering.

18       41.    Plaintiff is entitled to reimbursement for the bills incurred for medical treatment

19   and therapy for the injuries sustained as a result of Defendants and DOE Defendants'

20   EMPLOYEE negligence.

21       42.    As a direct and proximate result of the actions of Defendants, Plaintiff experienced

22   pain and suffering, damaging Plaintiff in excess of $15,000.00.

23       43.    As a direct and proximate result of the actions of Defendants, Plaintiff has been

24   required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

25                     **FOURTH CAUSE OF ACTION**

26                     **(Punitive Damages-All Defendants)**

27       44.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through

28   43 above.

45.     Defendants owed Plaintiff a duty to exercise due care in maintaining the Property, and said actions as described above, were a breach of Defendants' duty of care to Plaintiff.

46.     The aforesaid misconduct of Defendants was in willful, wanton and reckless disregard of the Plaintiff's safety to such an extent as to constitute oppression, fraud, and actual malice toward the Plaintiff, thus entitling Plaintiff to an award of punitive damages.

47.     Plaintiff alleges that Defendants acted in conscious disregard for known safety standards and measures and as a result Plaintiff suffered personal injuries to the body and damage to Plaintiff's personal property.

48.     Statutes such as NRS § 42.005 were enacted punish the wrongdoers and deter fraudulent, malicious, or oppressive conduct.

49.     As a further proximate result of the misconduct of Defendants, Plaintiff is entitled to punitive damages in an amount to be proved at trial and alleged herein in the amount in excess of $15,000.00.

50.     As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

WHEREFORE, Plaintiff MARIA DEL REFUGIO LUGO, expressly reserving the right to amend this Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against Defendants, SMITH'S FOOD & DRUG CENTERS, INC.; DOE SMITH'S FOOD & DRUG CENTERS, INC. EMPLOYEES I-X; DOES I through X; and ROE CORPORATIONS I through X, inclusive, and jointly and severally, as follows:

1.     For general damages in an amount in excess of $15,000.00;

2.     For special damages in an amount according to proof;

3.     For exemplary and punitive damages sustained in an amount to be determined at trial;

/ / /

/ / /

/ / /

4.  For interest at the legal rate;

5.  For cost of suit incurred herein;

6.  For reasonable attorney's fees;

7.  For such other and further relief as the Court may deem just and proper.

DATED this __ day of October, 2020.

GINA CORENA & ASSOCIATES

*/s/ Mahna Pourshaban*

_____
Gina M. Corena, Esq.
Nevada Bar No. 10330
Mahna Pourshaban, Esq.
Nevada Bar No. 13743
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

1   DMJT
    Gina M. Corena, Esq.
2   Nevada Bar No. 10330
    gina@lawofficecorena.com
3   Mahna Pourshaban, Esq.
    Nevada Bar No. 13743
4   mahna@lawofficecorena.com
5   GINA CORENA & ASSOCIATES
    300 S. Fourth Street, Suite 1250
6   Las Vegas, Nevada 89101
    Telephone: (702) 680-1111
7   Facsimile: (888) 987-6507
    *Attorneys for Plaintiff*
8

9                          DISTRICT COURT

10                   CLARK COUNTY, NEVADA

11   MARIA DEL REFUGIO LUGO, individually;        CASE NO.
                                                  DEPT. NO.
12                 Plaintiff,

13   v.                                           **DEMAND FOR JURY TRIAL**

14   SMITH'S FOOD & DRUG CENTERS, INC.,
     an Ohio Corporation; DOE SMITH'S FOOD &
15   DRUG CENTERS, INC. EMPLOYEES I
     through X; DOES I through X, and ROE
16   Corporations I through X, inclusive,

17                 Defendants.

18

19          COMES NOW, Plaintiff MARIA DEL REFUGIO LUGO, by and through her attorney of

20   record, MAHNA POURSHABAN, ESQ., of GINA CORENA & ASSOCIATES, and hereby

21   demands a jury trial of all of the issues in the above matter.

22                                      GINA CORENA & ASSOCIATES

23
                                            */s/ Mahna Pourshaban*
24                                      Mahna Pourshaban, Esq.
                                        Nevada Bar No. 13743
25                                      300 S. Fourth Street, Suite 1250
                                        Las Vegas, Nevada 89101
26                                      *Attorneys for Plaintiff*

27

28

**AFFIDAVIT OF SERVICE**

Electronically Filed
11/10/2020 5:41 PM
Steven D. Grierson
CLERK OF THE COURT
Job:
604

| Case:<br>A-20-823996-C | Court:<br>Eighth Judicial District Court | County:<br>Clark, NV |
|---|---|---|
| Plaintiff / Petitioner:<br>Maria Del Refugio Lugo | | Defendant / Respondent:<br>SMITH'S FOOD & DRUG CENTERS, INC. |
| Received by:<br>Serve Vegas LLC | | For:<br>LAW OFFICES OF GINA M. CORENA |
| To be served upon:<br>SMITH'S FOOD & DRUG CENTERS, INC. | | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | KRIS OSBORN , 112 North Curry St., Carson City, NV 89703 |
|---|---|
| Manner of Service: | Registered Agent, Nov 9, 2020, 1:08 pm PST |
| Documents: | Summons, Complaint |

**Additional Comments:**
1) Successful Attempt: Nov 9, 2020, 1:08 pm PST at 112 North Curry St., Carson City, NV 89703 received by KRIS OSBORN . Age: 33; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'5"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____     11/09/2020
Richard Reese                                            Date
PILB#1505

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
775-720-2620

Electronically Filed
11/30/2020 1:35 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   JERRY S. BUSBY
2  Nevada Bar #001107
   GREGORY A. KRAEMER
3  Nevada Bar #010911
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
5  (702) 366-1125
   FAX: (702) 366-1857
6  jbusby@cooperlevenson.com
   gkraemer@cooperlevenson.com
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.

8

9                          **DISTRICT COURT**

10                   **CLARK COUNTY, NEVADA**

11  MARIA DEL REFUGIO LUGO, individually;          CASE NO.: A-20-823996-C
                                                   DEPT NO.:  XXV
12              Plaintiff,

13  v.

14  SMITH'S FOOD & DRUG CENTERS, INC.; an     **DEFENDANT SMITH'S FOOD & DRUG**
    Ohio Corporation;  DOE SMITH'S FOOD &     **CENTERS, INC.'S ANSWER TO**
15  DRUG CENTERS, INC. EMPLOYEES I through     **PLAINTIFF'S COMPLAINT**
    X; DOES I through X, and ROE Corporations I
16  through X, inclusive,

17              Defendants.

18

19         COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

20  attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

21  answers Plaintiff's Complaint on file herein as follows:

22                                    **I.**

23         This answering Defendant states that it does not have sufficient knowledge or information

24  upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 4 and 5 of

25  Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

26                                   **II.**

27         This answering Defendant admits the allegations contained in Paragraph 2 of Plaintiff's

28  Complaint.

CLAC 6072134.1

**III.**

This answering Defendant, in response to Paragraph 6 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**IV.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 7, 9, 12 and 13 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**" and upon said ground, denies each and every allegation contained therein.

**V.**

In response to Paragraph 8 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**", this answering Defendant admits that it owns and maintains control of the SMITH'S store in question. This answering Defendant denies any remaining allegations contained in said Paragraph.

**VI.**

Paragraph 10 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**VII.**

This answering Defendant denies each and every allegation contained in Paragraphs 11, 14 and 15 of that portion of Plaintiff's Complaint entitled "**FACTS COMMON TO ALL CAUSES OF ACTION**".

**VIII.**

This answering Defendant, in response to Paragraph 16 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Premise Liability)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

2

**IX.**

Paragraphs 17, 18 and 19 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Premise Liability)**" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

**X.**

This answering Defendant denies each and every allegation contained in Paragraphs 20 and 21 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Premise Liability)**".

**XI.**

This answering Defendant, in response to Paragraph 22 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligent Hiring, Training, Supervision and Retention – As to Defendants' EMPLOYEES)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XII.**

Paragraphs 23, 26, 27, 28 and 29 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligent Hiring, Training, Supervision and Retention – As to Defendants' EMPLOYEES)**" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

**XIII.**

This answering Defendant denies each and every allegation contained in Paragraphs 24, 25, 30, 31, 32 and 33 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligent Hiring, Training, Supervision and Retention  - As to Defendants' EMPLOYEES)**".

**XIV.**

This answering Defendant, in response to Paragraph 34 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Vicarious Liability/Joint & Several Liability/Respondeat Superior – As to Defendants' EMPLOYEES)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

3

## XV.

This answering Defendant denies each and every allegation contained in Paragraphs 35, 40, 41, 42 and 43 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Vicarious Liability/Joint & Several Liability/Respondeat Superior – As to Defendants' EMPLOYEES)**".

## XVI.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 36 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Vicarious Liability/Joint & Several Liability/Respondeat Superior – As to Defendants' EMPLOYEES)**" and upon said ground, denies each and every allegation contained therein.

## XVII.

Paragraphs 37, 38 and 39 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Vicarious Liability/Joint & Several Liability/Respondeat Superior – As to Defendants' EMPLOYEES)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

## XXVIII.

This answering Defendant, in response to Paragraph 44 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Punitive Damages-All Defendants)**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## XIX.

Paragraphs 45 and 48 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Punitive Damages-All Defendants)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

## XX.

This answering Defendant denies each and every allegation contained in Paragraphs 46, 47, 49 and 50 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION**

4

1 | **(Punitive Damages-All Defendants)"**

2 | 

**AFFIRMATIVE DEFENSES**

3 | **FIRST AFFIRMATIVE DEFENSE**

4 | Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries

5 | as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any

6 | recovery reduced in proportion to said negligence of Plaintiff.

7 | **SECOND AFFIRMATIVE DEFENSE**

8 | At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto,

9 | Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and

10 | injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately

11 | caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and

12 | therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced

13 | in proportion to said negligence of Plaintiff.

14 | **THIRD AFFIRMATIVE DEFENSE**

15 | Plaintiff's Complaint fails to state a claim against this answering Defendant upon which relief

16 | can be granted.

17 | **FOURTH AFFIRMATIVE DEFENSE**

18 | Plaintiff's claims for punitive damages against this answering Defendant would violate its

19 | constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the

20 | United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United

21 | States Constitution, the Commerce Clause of the United States Constitution, and similar provisions

22 | in the constitution of the State of Nevada and/or applicable Statutes and Court Rules.

23 | **FIFTH AFFIRMATIVE DEFENSE**

24 | Plaintiff's prayer for punitive damages must be established by clear and convincing evidence.

25 | **SIXTH AFFIRMATIVE DEFENSE**

26 | Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein insofar

27 | as sufficient facts were not available after reasonable inquiry upon filing of this pleading by SMITH'S,

28 | who reserves its right to amend its Answer to allege additional affirmative defenses if subsequent

5

CLAC 6072134.1

1   investigation warrants.

2       WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

3   Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

4   further relief as to the Court may deem proper.

5       Dated this 30th day of November, 2020.

6                                   COOPER LEVENSON, P.A.

7

8                           By   /s/ Jerry S. Busby
                                 Jerry S. Busby
9                                Nevada Bar No. 001107
                                 Gregory A. Kraemer
10                               Nevada Bar No. 010911
                                 3016 West Charleston Boulevard - #195
11                               Las Vegas, Nevada  89102
                                 Attorneys for Defendant
12                               SMITH'S FOOD & DRUG CENTERS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 6072134.1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A.

and that on this 30th day of November, 2020, I did cause a true copy of the foregoing

**DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S**

**COMPLAINT** to be served upon each of the parties listed below via electronic service through the

Eighth Judicial District Court's Odyssey E-File and Serve System:

Gina Corena Esq.
GINA CORENA & ASSOCIATES
300 South Fourth Street, Suite 1250
Las Vegas, NV 89101
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
           An Employee of
           COOPER LEVENSON, P.A.

7

CLAC 6072134.1

Electronically Filed
12/8/2020 4:43 PM
Steven D. Grierson
CLERK OF THE COURT

1    **ABREA**
     Gina M. Corena, Esq.
2    Nevada Bar No. 10330
     gina@lawofficecorena.com
3    Mahna Pourshaban, Esq.
     Nevada Bar No. 13743
4    mahna@lawofficecorena.com
5    GINA CORENA & ASSOCIATES
     300 S. Fourth Street, Suite 1250
6    Las Vegas, Nevada 89101
     Telephone: (702) 680-1111
7    Facsimile: (888) 987-6507
     *Attorneys for Plaintiff*

8                    DISTRICT COURT

9              CLARK COUNTY, NEVADA

| | |
|---|---|
| 10   MARIA DEL REFUGIO LUGO, individually; | CASE NO.  A-20-823996-C |
| 11 | DEPT. NO.  25 |
|         Plaintiff, | |
| 12 | |
| 13   v. | **PLAINTIFF'S REQUEST FOR** |
| | **EXEMPTION FROM ARBITRATION** |
| 14   SMITH'S FOOD & DRUG CENTERS, INC., an | |
|      Ohio Corporation; DOE SMITH'S FOOD & | |
| 15   DRUG CENTERS, INC. EMPLOYEES I through | |
|      X; DOES I through X, and ROE Corporations I | |
| 16   through X, inclusive, | |
| 17         Defendants. | |

18

19        COMES NOW, Plaintiff MARIA DEL REFUGIO LUGO, by and through her attorney of

20 record, Mahna Pourshaban, Esq., of the GINA CORENA & ASSOCIATES, and hereby requests the

21 above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5,

22 as this case involves an amount in excess of $50,000.00 per Plaintiff, exclusive of interest and

23 costs;

24        1.      A specific summary of the facts which supports exemption from Arbitration is as

25 follows:  This action relates to a motor vehicle collision that occurred on July 20, 2020, in Clark

26 County, Nevada.   Plaintiff MARIA DEL REFUGIO LUGO ("LUGO") was an invitee of

27 Defendant SMITH'S located at 5564 Camino Al Norte, North Las Vegas, Nevada 89031

28 (hereafter the "Property").   While visiting the Property, Plaintiff slipped and fell on a liquid

1   substance on the floor (hereafter the "dangerous condition"), causing Plaintiff to sustain serious

2   injuries (the "Incident").

3       2.     LUGO suffered bodily injuries as a result of the Incident, and has incurred the

4   following damages:

| PROVIDER | AMOUNT |
|---|---|
| Spinal Rehabilitation Center (07/22/20 – 10/19/20) | 6,087.00 |
| Jackson Physical Therapy (09/11/20 – present) | 2,500.00 |
| Shield Radiology (07/25/20) | 310.00 |
| Carenow UrgentCare Tropicana (07/20/20) | 433.00 |
| Bernard Ong, M.D. (08/05/20 – 09/04/20) | 1,723.00 |
| Relevium Pain Specialist (10/01/20 – 11/12/20) | 1,735.00 |
| Pueblo Medical (08/12/20) | 4,950.00 |
| Las Vegas Pharmacy (10/01/20 – 11/13/20) | 1,260.80 |
| Aeva Specialty Pharmacy (11/16/20) | 1,182.99 |
| **SUBTOTAL** | **$20,181.79** |
| **FUTURE DAMAGES** | |
| Bilateral Sacroiliac Joint Injection | 9,500.00 |
| Bilateral Cervical Injection Foramen Epidural | 12,100.00 |
| Bilateral Lumbar Injection Foramen Epidural | 11,750.00 |
| Bilateral Lumbar Injection Paravert Joint, plus 2nd level | 17,025.00 |
| Trigger Point Injections | 1,300.00 |
| **TOTAL FUTURE DAMAGES** | **$51,675.00** |
| **TOTAL** | **$71,856.79** |

    Because liability is solely against Defendant, Plaintiff alleges that said Defendant was the

cause of Plaintiff's injuries.  Clearly, the value of Plaintiff's damages exceed the $50,000.00

threshold and the matter should be exempted from Arbitration.

    I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption(s) marked

above and am aware of the sanctions which may be imposed against any attorney or party who

without good cause or justification attempts to remove a case from the arbitration program.

/ / /

/ / /

/ / /

1   I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document

2   and any attachments thereto do not contain personal information including, without limitation,

3   home address/phone number, social security number, driver's license number or identification

4   card number, account number, PIN numbers, credit card number or debit card number, in

5   combination with any required security code, access code or password that would permit access

6   to the person's financial account.

7   DATED this 8th day of December, 2020.

8   GINA CORENA & ASSOCIATES

9   */s/ Mahna Pourshaban*

10   _____
     Gina M. Corena, Esq.

11   Nevada Bar No. 10330
     Mahna Pourshaban, Esq.

12   Nevada Bar No. 12743
     300 S. Fourth Street, Suite 1250

13   Las Vegas, Nevada 89101
     Attorneys for Plaintiff

14

15   **CERTIFICATE OF SERVICE**

16   Pursuant to NEFR 9, NRCP 5(b) and EDCR 7.26, I certify that on the <u>8th</u> day of

17   <u>December</u>, 2020, I served the foregoing **Plaintiff's Request For Exemption From Arbitration**

18   on the following parties by electronic transmission through Odyssey e-File Nevada:

19   Jerry S. Busby, Esq.
     Gregory A. Kraemer, Esq.

20   Cooper Levenson, P.A.
     3016 W. Charleston Blvd., Suite 195

21   Las Vegas, NV 89102
     Attorney for Defendant

22

23

24   _____
     */s/ Jennifer Reynhout*
     An employee of GINA CORENA & ASSOCIATES

25

26

27

28

Electronically Filed
12/24/2020 12:20 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Maria Del Refugio Lugo, Plaintiff(s)

vs.

Smith's Food & Drug Centers, Inc.,

Defendant(s)

CASE NO: A-20-823996-C
DEPT. NO: XXV

### COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: <u>December 08, 2020</u>

EXEMPTION FILED BY: <u>Plaintiff</u>          OPPOSITION: <u>No</u>

### DECISION

     Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

     DATED this 24th of December, 2020.

_____
ADR COMMISSIONER

1

1

## NOTICE

2

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days
3    from the date you are served with this document within which to file written objections
with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed
4    served three (3) days after the Commissioner's designee deposits a copy of the Decision in
the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the**
5    **time if served electronically (via e-service).**

6
**A copy of the foregoing Commissioner's Decision on Request for Exemption was**
7    **electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the**
**Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**
8

9    *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for
Exemption was also:

10

11   ☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on
_____, 2020.

12

13   ☒ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed
below at their last known address(es) on **December 28th, 2020**.

14
Jordan Ijchajchal
15   4707 Hamburg Street
Las Vegas, NV 89147
16   (Defendant In Proper Person)
*"NOT REGISTERED FOR E- SERVICE"*

17

18

19
/s/   Loretta Walker
20   _____
ADR COMMISSIONER'S DESIGNEE

21

22

23

24

25

26

27                                  2